IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TERRY MURRAY, individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> CHOICE ENERGY, LLC d/b/a 4 Choice Energy, an Iowa limited liability company, and PREMIERE BUSINESS SOLUTIONS, LLC, an Iowa limited liability company, <br><br> *Defendants*. | Case No.:  1:15-cv-00060 |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Terry Murray brings this Class Action Complaint against Defendants Choice Energy, LLC d/b/a 4 Choice Energy ("Choice Energy") and Premiere Business Solutions, LLC ("Premiere") (collectively, "Defendants") to stop Defendants' practice of making unsolicited phone calls to the telephones of consumers nationwide and to obtain redress for all persons injured by their conduct. Plaintiff, for his Class Action Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**NATURE OF THE ACTION**

1. Defendant Choice Energy is a licensed electric supplier providing electric generation services for primarily residential customers and businesses[1].

2. Defendant Premiere a telemarketing company[2] that actively sells Defendant Choice Energy's services, on Choice Energy's behalf, through widespread telemarketing.

---
[1] http://4choiceenergy.net/
[2] http://www.pbsolutions1.com/Services/index.html

3. Defendants repeatedly made (or directed to be made on their behalf) unsolicited telephone calls to Plaintiff and the other members of the putative Class's telephones for the express purpose of marketing Choice Energy's electric supply services to consumers, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA").

4. By making the telephone calls at issue in this Complaint, Defendants caused Plaintiff and the members of the Class actual harm, including the aggravation and nuisance, as well as the invasion of privacy, that necessarily accompanies the receipt of unsolicited and harassing telephone calls and the monies paid to their telephone carriers for the receipt of such telephone calls.

5. The TCPA was enacted to protect consumers from unsolicited phone calls exactly like those alleged in this case. In response to Defendants' unlawful conduct, Plaintiff filed the instant lawsuit and seeks an injunction requiring Defendants to cease all unsolicited telephone calling activities and an award of statutory damages to the members of the Class under the TCPA, together with costs and reasonable attorneys' fees.

## PARTIES

6. Plaintiff Terry Murray is a natural person and citizen of the State of Ohio.

7. Defendant Choice Energy, LLC d/b/a 4 Choice Energy is a limited liability company organized and existing under the laws of the State of Iowa with its principal place of business located at 1031 Office Park Rd, Suite 9, West Des Moines, IA 50265. Defendant Choice Energy regularly does business in the State of Ohio, this District, and nationwide.

8. Premiere Business Solutions, LLC is a limited liability company organized and existing under the laws of the State of Iowa with its principal place of business located at the

same exact address: 1031 Office Park Rd, Suite 9, West Des Moines, IA 50265.[3] Defendant Premiere regularly does business throughout the State of Ohio, this District, and nationwide.

## JURISDICTION AND VENUE

9. The Court has personal jurisdiction over Defendants because Defendants transact significant amounts of business within this District, Defendants committed tortious acts in Ohio, and Defendants solicit consumer sales here through telemarketing.

10. Venue is proper because Defendants do business in this District and the causes of action arose, in substantial part, in this District. Additionally, Plaintiff resides here.

## COMMON FACTUAL ALLEGATIONS

11. Upon information and belief, Defendants acted in concert to solicit customers to use Defendant Choice Energy's electric energy supply services.

12. Defendant Premiere includes energy as one of the industries for which it performs telemarketing services.[4]

13. On information and belief, part of Defendants' strategy for increasing its sales is to engage in telemarketing. In their zeal to market though, they systematically called consumers who did not consent to receive telemarketing calls and who were registered on the do not call registry.

14. Defendants' mutual telemarketing efforts were designed to increase consumer sales of Choice Energy's electric energy supplier services and jointly benefited both of them.

15. Specifically, Defendant Premiere makes outbound telemarketing calls on behalf of Choice Energy to consumers nationwide during which the telemarketers offer consumers savings on their electric bill.

---

[3] http://www.pbsolutions1.com/Contact/index.html
[4] http://www.pbsolutions1.com/Services/b2b.html

16. Upon information and belief, Defendants Choice Energy and Premiere operate out of the same business location of 1031 Office Park Rd, Suite 9, West Des Moines, IA 50265.[5]

17. Additionally, Defendants' officer and management personnel are intertwined.

18. Michael Needham is Defendant Choice Energy's Registered Agent in Iowa[6] and also a managing partner and owner of Defendant Premiere Business Solutions.[7]

19. Brent Hood is a managing partner and co-founder of Defendant Premiere Business Solutions[8] while also listed as the registrant and administrator of the website: www.4choiceenergy.com[9] which is the website provided to callers by Defendant Choice Energy.

20. Defendants made (and continue to make) these telemarketing calls to consumers nationwide without prior express consent to do so. Additionally, Plaintiff alleges that Defendant does not crosscheck or scrub its calling list for numbers registered on the National Do Not Call Registry.

21. In addition to this barrage of unwanted calls, consumers who expressly and repeatedly request that the calls from Defendants stop continue to receive unwanted telemarketing calls. Likewise, Defendants make calls to consumers who have taken affirmative steps to avoid calls from all telemarketers by placing their telephone numbers on the National Do Not Call Registry.

22. As such, Defendants acted in a joint manner and as a singular entity to solicit consumers to purchase electric supply services from Choice Energy through telemarketing. Put

---

[5] http://4choiceenergy.net/contact-us/customer-service.html and http://www.pbsolutions1.com/Contact/
[6] http://sos.iowa.gov/search/business/summary.aspx?c=j6VQjeY9yDQeBgx_Pb22BJ7JmB4QRsPs93Qnf8H6xYI1
[7] https://www.linkedin.com/pub/mike-needham/14/13a/129 and http://www.pbsolutions1.com/Management/index.html
[8] http://www.pbsolutions1.com/Management/index.html
[9] http://www.whois.com/whois/4choiceenergy.com

another way, Defendant Choice Energy simply outsourced the telesales of its products to Defendant Premiere for its benefit.

23. Defendants knowingly made these telemarketing calls without the prior express consent of the call recipients and knowingly continued to call them after requests to stop. In so doing, Defendants not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA with impunity.

### FACTS SPECIFIC TO PLAINTIFF MURRAY

24. Plaintiff Murray does not have a relationship with Defendants, has never submitted his telephone number to Defendants, or requested that Defendants call him or offer him their services. Simply put, Plaintiff has never provided his prior express consent to Defendants to place calls to him.

25. Likewise, Plaintiff's landline telephone number has been registered with the National Do Not Call Registry since March 14, 2014, for the explicit purpose of avoiding telemarketing calls just like those alleged in this case.

26. Yet, even still, Defendants have placed numerous calls to Plaintiff's landline telephone from the phone number (937) 458-5036. Plaintiff received at least ten telephone calls from Defendants beginning in or around August 2014 through November 12, 2014.

27. When Plaintiff answered some of these calls, the telemarketer indicated they were calling from Choice Energy.

28. On several occasions when Plaintiff answered a call and spoke with Defendants' telemarketer, he expressly requested to be removed from Defendants' calling list and to no longer receive any calls from Defendants.

29. However, contrary to his express requests, Defendants continued to place numerous calls to him.

30. Defendants were and are aware that the above-described telephone calls were and are being made to consumers like Plaintiff who had not consented to receive them.

## CLASS ALLEGATIONS

31. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of himself and a class of similarly situated individuals and entities defined as follows (the "Class"):

> All individuals in the United States within the last four years (1) who had his or her telephone number(s) registered with the National Do Not Call Registry; (2) for whom Defendants have no record of consent to place telemarketing calls promoting Defendants' products or services to him or her; (3) who received more than one telephone call promoting Defendants' products or services; (4) within any 12-month period.

Excluded from the Class are: (1) Defendants, Defendants' agents, subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current and former employees, officers, and directors, (2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, (3) persons who execute and file a timely request for exclusion, (4) the legal representatives, successors, or assigns of any such excluded person; and (5) Plaintiff's counsel and Defendants' counsel.

32. **Numerosity**: The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendants have made telephone calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendants' records.

33. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and they have retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to the Class.

34. **Appropriateness**: This class action is also appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendants' practice of making unsolicited telemarketing calls apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to each of the Class as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendants' misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

35. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any

questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a)    Whether Defendants' conduct constitutes a violation of the TCPA;

    (b)    Whether Defendants systematically made telephone calls to members of the Class who did not previously provide Defendants with their prior express consent to receive such telephone calls;

    (d)    Whether Defendants systematically made telephone calls to members of the Class whose telephone numbers were registered with the National Do Not Call Registry; and

    (e)    Whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

## COUNT I
### Violation of the TCPA, 47 U.S.C. § 227(c)(5)
**(On behalf of Plaintiff and the Class)**

36.    Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

37.    47 U.S.C. §227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

38.    The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "No person or entity shall initiate any telephone solicitation" to " . . . (2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of

8

persons who do not wish to receive telephone solicitations that is maintained by the federal government."

39. 47 C.F.R. § 64.1200 (e), provides that § 64.1200 (c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,'" which the Report and Order, in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.

40. 47 C.F.R. § 64.1200(d) further provides that "No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such

request is made. This period may not exceed thirty days from the date of such request . . ..

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made."

41. Defendants violated § 64.1200 (c) by initiating telephone solicitations to wireless and residential telephone subscribers such as Plaintiff and the Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. These consumers requested not to receive calls from Defendants, as set forth in § 64.l200 (d)(3).

42. Defendants and/or their agents made more than one unsolicited telephone call to Plaintiff and members of the Class within a 12-month period without their prior express consent to receive such calls. Plaintiff and members of the Class never provided any form of consent to receive telephone calls from Defendants.

43. Defendants violated § 64.1200 (d) by initiating calls for telemarketing purposes to residential and wireless telephone subscribers, such as Plaintiff and the Class, without instituting

10

procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them.

44. Defendants violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Class received more than one telephone call within a 12-month period made by or on behalf of the Defendants in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendants' conduct as alleged herein, Plaintiff and the Class suffered actual damages and, under section 47 U.S.C. § 227(c), are each entitled, *inter alia*, to receive up to $500 in damages for such violations of § 64.1200.

45. To the extent Defendants' misconduct is determined to be willful and knowing, the Court should, pursuant to § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Terry Murray, individually and on behalf of the Class, prays for the following relief:

1. An order certifying the Class as defined above, appointing Plaintiff Terry Murray as the representative of the Class as stated above, and appointing his counsel as Class Counsel;

2. An award of actual and statutory damages;

3. An injunction requiring Defendants to cease all unsolicited telephone calling activities, and otherwise protecting the interests of the Class;

4. An award of reasonable attorneys' fees and costs; and,

5. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: January 26, 2015				Respectfully Submitted,

				**TERRY MURRAY**, individually and on behalf of Class of similarly situated individuals,


				By: /s William M. Harrelson II
				     William Harrelson, one of Plaintiff's Attorneys


				Faust, Harrelson, Fulkner, McCarthy & Schlemmer LLP
				12 S. Cherry St., Troy, Ohio, 45373
				Tel: 937.335.8324
				Will.Harrelson@fhfmslaw.com

				Stefan Coleman*
				law@stefancoleman.com
				LAW OFFICES OF STEFAN COLEMAN, LLC
				201 South Biscayne Boulevard, 28th Floor
				Miami, Florida 33131
				Tel: 877.333.9427
				Fax: 888.498.8946

				*Motion for admission *pro hac vice* to be filed.