# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **TERRY MURRAY, individually and on behalf of all others similarly situated**, | ) ) ) ) | CASE NO. 1:15-cv-00060 |
| | ) | JUDGE TIMOTHY S. BLACK |
| Plaintiff | ) ) | MAGISTRATE JUDGE STEPHANIE K. BOWMAN |
| v. | ) ) | |
| **CHOICE ENERGY, LLC,** *et al.*, | ) ) | **ANSWER OF DEFENDANT PREMIERE BUSINESS SOLUTIONS** |
| Defendants. | ) ) | |

For its answer to the complaint of Plaintiff Terry Murray, Defendant Premiere Business Solutions ("PBS") states as follows:

1. Upon information and belief, PBS admits the allegations contained in paragraph 1.

2. PBS admits that it is a telemarketing company and that it provides telemarketing services for Defendant Choice Energy, and denies the remaining allegations contained in paragraph 2.

3. PBS denies the allegations contained in paragraph 3.

4. PBS denies the allegations contained in paragraph 4.

5. In response to paragraph 5, PBS denies for lack of knowledge or information the purpose for which the Telephone Consumer Protection Act ("TCPA") was enacted, states that Plaintiff's complaint speaks for itself, and denies the remaining allegations.

6. PBS denies for lack of knowledge or information the allegations contained in paragraph 6.

715535.2

1

7. Upon information and belief, PBS admits the allegations contained in paragraph 7.

8. PBS admits the allegations contained in paragraph 8.

9. To the extent that paragraph 9 is directed to PBS, PBS denies for lack of knowledge or information the legal conclusion stated therein, admits that it makes telemarketing calls to Ohio, and denies the remaining allegations contained in paragraph 9.

10. To the extent that paragraph 10 is directed to PBS, PBS denies for lack of knowledge or information the legal conclusion stated therein, admits that it makes telemarketing calls to this district, and denies the remaining allegations contained in paragraph 10.

11. PBS denies the allegations contained in paragraph 11.

12. PBS admits the allegations contained in paragraph 12.

13. To the extent that paragraph 13 is directed to PBS, PBS denies the allegations.

14. PBS denies the allegations contained in paragraph 14.

15. PBS admits that it makes outbound telemarketing calls to consumers on behalf of Defendant Choice Energy to offer savings on their electric services, and denies the remaining allegations contained in paragraph 15.

16. PBS admits the allegations contained in paragraph 16.

17. PBS admits that it has some principals in common with Defendant Choice Energy, and denies the remaining allegations contained in paragraph 17.

18. PBS admits the allegations contained in paragraph 18.

19. PBS admits that Brent Hood is a managing partner and co-founder of PBS and that he is listed as the registrant and administrator of the identified website, and denies for lack of knowledge or information the remaining allegations contained in paragraph 19.

20. PBS denies for lack of knowledge or information what "Plaintiff alleges," and denies the remaining allegations contained in paragraph 20.

21. PBS denies the allegations contained in paragraph 21.

22. PBS denies the allegations contained in paragraph 22.

23. PBS denies the allegations contained in paragraph 23.

24. PBS denies for lack of knowledge or information the allegations contained in paragraph 24.

25. PBS denies for lack of knowledge or information the allegations contained in paragraph 25.

26. PBS denies for lack of knowledge or information the allegations contained in paragraph 26.

27. PBS denies for lack of knowledge or information the allegations contained in paragraph 27.

28. PBS denies for lack of knowledge or information the allegations contained in paragraph 28.

29. PBS denies the allegations contained in paragraph 29.

30. To the extent that paragraph 30 is directed to PBS, PBS denies the allegations.

31. PBS denies for lack of knowledge or information the allegations contained in paragraph 31.

32. To the extent that paragraph 32 is directed to PBS, PBS denies the allegations.

33. PBS denies the allegations contained in paragraph 33.

34. To the extent that paragraph 34 is directed to PBS, PBS denies the allegations.

35. PBS denies the allegations contained in paragraph 35.

36. PBS restates and incorporates all prior responses in this answer.

37. In response to paragraph 37, PBS states that the referenced statute speaks for itself and denies any allegation inconsistent therewith, and denies for lack of knowledge or information the remaining allegations.

38. In response to paragraph 38, PBS states that the referenced regulation speaks for itself and denies any allegation inconsistent therewith, and denies for lack of knowledge or information the remaining allegations.

39. In response to paragraph 39, PBS states that the referenced regulation and Report and Order speak for themselves and denies any allegation inconsistent therewith, and denies for lack of knowledge or information the remaining allegations.

40. In response to paragraph 40, PBS states that the referenced regulation speaks for itself and denies any allegation inconsistent therewith, and denies for lack of knowledge or information the remaining allegations.

41. To the extent that paragraph 41 is directed to PBS, PBS denies the allegations.

42. To the extent that paragraph 42 is directed to PBS, PBS denies the allegations.

43. To the extent that paragraph 43 is directed to PBS, PBS denies the allegations.

44. To the extent that paragraph 44 is directed to PBS, PBS denies the allegations.

45. In response to paragraph 45, PBS states that the referenced statute speaks for itself and denies any allegation inconsistent therewith, and to the extent the remaining allegations are directed toward PBS, PBS denies them.

**DEFENSES**

1. The complaint fails to state a claim against PBS upon which relief can be granted.

2. Plaintiff and the putative class members have not sustained any actual damages.

3.   The claims of Plaintiff and the putative class members are barred in whole or in part due to their failure to mitigate damages.

4.   Plaintiff and the putative class members' alleged damages are barred in whole or in part by the limitations imposed by law as to the recovery of such damages.

5.   Plaintiff and the putative class members' claims are barred by the doctrine(s) of estoppel, waiver, release, fraud, unclean hands, *res judicata,* collateral estoppel or laches.

6.   Plaintiff and the putative class members' claims are barred by the applicable statutes of limitation, statutes of repose, or other statutes relevant to the limitation of actions.

7.   Any alleged violation of law, which is denied, was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid such error, pursuant to 47 CFR 67.1200(d).

8.   Some or all of Plaintiff and the putative class members' claims are barred because any alleged calls were not initiated by an artificial or prerecorded voice.

9.   PBS has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA and its regulations, pursuant to 47 USC § 227(c)(5).

10.  The putative class action claims do not satisfy the requirements of Civil Rule 23 of the Federal Rules of Civil Procedure.

11.  Plaintiff has requested a fail-safe class.

12.  Prior express consent was given to receive some or all of the calls at issue.

13.  Plaintiff cannot fully and adequately protect and represent any class in this matter.

14.  Plaintiff's claims fail due to lack of numerosity, commonality and/or typicality.

15.  Plaintiff's claims are not typical of the claims of the proposed class.

16. A class action is not a superior method for resolving Plaintiff's unique claim.

17. Common questions of law and fact do not predominate in this matter.

18. This case is inherently unmanageable as a class action.

19. This Court lacks the power and/or jurisdiction to enter some or all of the relief sought by the Plaintiff and/or the putative class members.

20. PBS reserves the right to assert any and all additional defenses that may develop during the course of this matter.

WHEREFORE, having fully answered, Defendant Premiere Business Solutions respectfully requests that the Court dismiss Plaintiff's Complaint, and award to PBS such equitable and legal relief as the Court deems just and proper.

Respectfully submitted,

*/s/Kimberly Y. Smith Rivera*
Kimberly Y. Smith Rivera (0066849)
**McGlinchey Stafford PLLC**
25550 Chagrin Boulevard, Suite 406
Cleveland, OH 44122-4640
Telephone: (216) 378-9905
Facsimile: (216) 378-9910
kyrivera@mcglinchey.com

*Counsel for Defendant Premiere Business Solutions*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing *Answer of Defendant Premiere Business Solutions* was filed electronically this 30th day of June 2015. Notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system.

          */s/Kimberly Y. Smith Rivera*
          Kimberly Y. Smith Rivera

715535.2